**PAPE et al. v. HENDERSON et al.**

**Civ. A. No. 747.**

United States District Court
S. D. Alabama, S. D.
Jan. 17, 1948.

---

4 In 1948 Revision, 28 U.S.C.A. § 2321.

T. E. Twitty and Richard H. Inge, Armbrecht, Inge, Twitty & Jackson, John H. Tappan, and Pillans, Cowley, Reams & Tappan, all of Mobile, Ala., for complainants.

Percy C. Fountain, U. S. Atty., of Mobile, Ala., for respondent Joseph H. Henderson.

William G. Caffey and Caffey, Gallalee & Caffey, all of Mobile, Ala., for respondents Daffins.

McDUFFIE, District Judge.

This cause having been taken under submission by this Court on, to-wit, the 25th day of November, 1947, and it appearing to the Court that the service of process upon the United States has been perfected in accordance with requirements of Rule 4 (d) (4) of the Rules of Civil Procedure, 28 U.S.C.A., and that the respondent Joseph H. Henderson, as Deputy Commissioner, by and through the United States Attorney, has filed an answer to the bill of complaint, which the Court considers, as though filed in behalf of each and every one of the respondents, and the Court having heard counsel for the parties, and having received and considered briefs filed by the parties and the proceedings and evidence upon which this matter has been submitted in accordance with said order of submission, and the Court being of the opinion that the relief prayed for in said bill should be granted, now, therefore, the Court enters the following findings of fact and conclusions of law:

### Findings of Fact

That on the 3d day of August, 1946, Rufus Edward Daffin, while aboard the vessel known as the Yacht Vigilant belonging to the complainant W. O. Pape, and while said vessel was upon the navigable waters of the United States, at the time being afloat in Mobile river, at Choctaw Point, in the State of Alabama, sustained accidental injury resulting in the death of the said Daffin on, to-wit, August 11, 1946; that said accidental injury and death resulted from an explosion in the motor room of said vessel; that said explosion occurred while the said Daffin was in the motor room of said yacht, and as he pulled the switch on the light plant in the said motor room, which plant was running at the time; that at the time of said injury the said Daffin was employed by the complainant W. O. Pape and was aboard said vessel in company with Captain Samuel D. Hurlston, who was the master of said yacht.

On the day of said Daffin's injury, he and the said Hurlston had come to the said vessel for the purpose of making it ready for a voyage to begin the next day, Sunday, August 4, 1946, the said contemplated voyage being a fishing trip by the owner of the said yacht and his guests, which trip was planned to be made for several days in the waters of Mobile Bay and adjacent waters; that at the time of said injury, the said Daffin and the captain had spent several days making said yacht ready for said voyage by cleaning it up, putting its tackle and equipment in order, its motor in good working order and putting provisions aboard; that in the words of the captain of said yacht, who was the only individual aboard the yacht at the time of said injury, the said Daffin at the time of his injury "was checking his engines and filling up the gas tank";

That said vessel was a pleasure yacht, approximately 80 feet in length, which was acquired by the owner in the early part of 1946 and placed in commission and operation by the owner in April, 1946; that from the time the said yacht was commis-

sioned and placed in operation by its owner it was manned by said Hurlston, as its master, and the said Daffin, who while aboard the said yacht performed the duties usually performed by a seaman or a deck hand, and a third employee referred to in the testimony as "Hamburger", who usually did the cooking; that the said Hurlston and Daffin and presumably "Hamburger" made every trip taken by said yacht after it was acquired by its owner and planned to man said vessel on the contemplated trip, which was to begin the day after the accident; that while on board the said vessel the said Daffin helped to steer, checked the engines, saw how they were running, if they needed oil or water, assisted in tying up the boat, anchored the boat, kept track of how long the engines ran, acted as deck hand, helped to cook, served drinks and did whatever the captain told him to do and acted under the instructions of the captain and Mr. Pape, the owner;

That after each trip the said Daffin reported to the captain and helped clean up the boat, checked the engine's oil and water, assisted in cleaning up the deck and hull, did any painting or other work that was necessary, took care of lines, fenders, and two little boats used in conjunction with the big boat; that while the boat was in port, Daffin reported to the captain practically every day and performed the above-mentioned duties;

That the said Daffin, also, worked as a porter or handy man at Mr. Pape's broadcasting station, WALA, doing such work as cleaning up the office, valet work, chauffeuring, and such other work as he was directed by Mr. Pape to perform; that the Yacht Vigilant was used by Mr. Pape in connection with his broadcasting business for entertaining advertisers and prospects and for maintaining "good-will for the Station as a whole"; that the services rendered by the said Daffin to Mr. Pape on board the vessel and those rendered by him elsewhere were irregular and as directed by Mr. Pape to suit his own convenience.

### Conclusions of Law

The Court concludes that the said Rufus Daffin at the time of the said accident or injury was a member of the crew of the said vessel, the Yacht Vigilant, and was performing duties aboard said vessel in that capacity; and that under the United States Longshoremen and Harbor Workers Act, 33 U.S.C.A. § 901 et seq., no compensation is payable in respect of his disability or death, and that the conclusion of the Deputy Commissioner, to the contrary, and the award of the Deputy Commissioner based thereon, are in error, resulting from a misconstruction of the said Act; the Court further concludes that the motion for interlocutory injunction as prayed for in the bill of complaint and in the motion of the complainants heretofore filed in this cause should be granted, and that said injunction should be made permanent.